# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES G. JOHNSON,
             Appellant,

      v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
DE-0353-16-0041-I-1

DATE: August 5, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles G. Johnson, Omaha, Nebraska, pro se.

David P. Larson, Esquire, Sandy, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to provide the applicable burden of proof for restoration claims, we AFFIRM the initial decision.

¶2      The appellant is a former U.S. Postal Service employee. Initial Appeal File (IAF), Tab 1 at 1. In the instant appeal, he appeared to allege that he was subjected to an involuntary retirement and also denied restoration. *Id*. at 1-2. The agency responded with a motion to dismiss. IAF, Tab 5. The agency argued that, since his retirement in 1992, the appellant already had brought the same matters before numerous venues, including the Board and our reviewing court. *Id*. at 4.

¶3      In a show cause order, the administrative judge noted that the appellant previously filed involuntary retirement and denial of restoration appeals with the Board, but both were dismissed for lack of jurisdiction. IAF, Tab 7 at 1-4; *Johnson v. U.S. Postal Service*, 66 M.S.P.R. 604 (1995); *Johnson v. U.S. Postal Service*, MSPB Docket No. DE-0353-10-0501-B-1, Final Order (Feb. 3, 2014), *aff'd*, 529 F. App'x 935 (Fed. Cir. 2014). Accordingly, the administrative judge ordered the appellant to show why the instant appeal should not be dismissed based upon the doctrine of collateral estoppel. IAF, Tab 7 at 2-4. He also invited the appellant to present a restoration claim distinct from that which previously had been adjudicated, if applicable. *Id*. at 3-4.

¶4 After the appellant responded to the show cause order, IAF, Tab 8, the administrative judge dismissed the instant appeal, IAF, Tab 9, Initial Decision (ID). He found that the appellant's involuntary retirement claim was barred by collateral estoppel. ID at 4. He similarly found that the appellant's restoration claim was barred by collateral estoppel. ID at 6. Alternatively, to the extent that the appellant intended to bring a separate restoration claim distinct from the one previously adjudicated, the administrative judge found that the appellant failed to present nonfrivolous allegations of Board jurisdiction. *Id.* The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response, and the appellant has replied. PFR File, Tabs 3-4.

¶5 In his petition for review, the appellant appears to argue that the administrative judge should have provided him with a hearing. PFR File, Tab 1 at 1. We disagree. As an initial matter, we note that the appellant did not unambiguously request a hearing below. IAF, Tab 1 at 4, Tab 4; *see generally* 5 C.F.R. § 1201.24(e) (providing that the right to a hearing before the Board is waived if an appellant fails to timely request a hearing). On the pertinent appeal form, the appellant selected both "yes" and "no" in response to whether he wanted a hearing, including a note that stated, "Judge may talk to me anytime, I'm not good at hearings." IAF, Tab 1 at 4. Moreover, the appellant was not entitled to a hearing, even if he intended to request one.

¶6 The purpose of the doctrine of collateral estoppel is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Collateral estoppel may be grounds for

---

[2] With his petition for review, the appellant included a copy of the administrative judge's initial decision, as well as a portion of the evidence he submitted below. PFR File, Tab 1 at 5-19; *e.g.*, IAF, Tab 1 at 19-21. This decision will exclusively cite to the record below, rather than to any duplicate submissions provided on review.

dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 11 (2003). It is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom the issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).

¶7        As the administrative judge correctly noted, the appellant already appealed his alleged involuntary retirement before the Board. *See Johnson*, 66 M.S.P.R. 604. That prior involuntary retirement appeal was dismissed for lack of jurisdiction because the appellant failed to prove that his retirement was, in fact, involuntary. *Id*. at 606. Accordingly, the administrative judge here properly found that collateral estoppel applies in the instant appeal because the appellant is attempting to raise the voluntariness of his retirement again; the voluntariness issue was actually litigated in the prior appeal; the voluntariness determination was necessary to the judgment; and he had an adequate opportunity to litigate the matter previously. Therefore, the appellant was not entitled to a hearing concerning his alleged involuntary retirement, and the Board need not consider arguments and evidence regarding that issue.

¶8        As the administrative judge also correctly noted, the appellant previously appealed a denial of restoration as well. The Board dismissed that appeal for lack of jurisdiction because, although the agency did deny him restoration in April 2010, the appellant failed to prove that he had fully or partially recovered from his injury. *Johnson*, MSPB Docket No. DE-0353-10-0501-B-1, Final Order at 2-3. Accordingly, the administrative judge here properly found that collateral estoppel applies in the instant appeal to the extent that the appellant is attempting to relitigate the agency's April 2010 denial of his restoration request. The

April 2010 denial was actually litigated in the prior appeal; it was necessary to the judgement; and the appellant had an adequate opportunity to litigate the matter in that appeal.  Therefore, the appellant was not entitled to a hearing regarding the agency's April 2010 denial of his restoration request, and the Board need not consider arguments and evidence regarding that issue either.

¶9        Although the appellant is precluded from bringing the same restoration issue before the Board, the administrative judge informed him that he would be entitled to a hearing if he presented nonfrivolous allegations concerning a denial of restoration other than the denial that was previously adjudicated.  IAF, Tab 7 at 3-4.  Thus, the appellant was tasked with presenting nonfrivolous allegations that:  (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied a request for restoration other than that which was previously adjudicated; and (4) the agency's denial was arbitrary and capricious.[3]  *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012); 5 C.F.R. § 1201.57(a)(4), (b).  Although the appellant responded,

---

[3] Until recently, an appellant alleging a denial of restoration was required to prove Board jurisdiction by preponderant evidence.  *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).  However, the Board issued a new regulation effective March 30, 2015, that adopted a nonfrivolous allegation standard for restoration appeals.  Practices and Procedures, 80 Fed. Reg. 4,489, 4,496 (Jan. 28, 2015) (codified in pertinent part at 5 C.F.R. § 1201.57(a)(4), (b)); Practices and Procedures, 79 Fed. Reg. 18,658, 18,659-61 (Apr. 3, 2014).  Because the appellant filed the instant appeal after the March 30, 2015 effective date of that new regulation, he only was required to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits.  5 C.F.R. § 1201.57(a)(4), (b); IAF, Tab 1.

Although the administrative judge provided the appellant with the proper jurisdictional elements, he mistakenly cited the former jurisdictional burden of proof, indicating that nonfrivolous allegations were required for a jurisdictional hearing and preponderant evidence was necessary to prove jurisdiction.  IAF, Tab 7 at 3; ID at 5-6.  Under the correct standard, if the appellant had presented nonfrivolous allegations, he would have been entitled to a hearing on the merits, not a jurisdictional hearing.  We modify the initial decision accordingly.

generally, he failed to meet that standard. Rather than present nonfrivolous allegations concerning the specific jurisdictional elements for a restoration claim, the appellant merely repeated earlier assertions that he was forced to retire in 1992 and the agency should have since restored him. IAF, Tab 8.

¶10    Because collateral estoppel precludes the appellant from relitigating the issues previously adjudicated and he has failed to present nonfrivolous allegations concerning another denial of restoration, we affirm the administrative judge's decision, which dismissed the instant appeal for lack of jurisdiction, without a hearing.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 	_____
		Jennifer Everling
		Acting Clerk of the Board

Washington, D.C.